**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 712 DEARBORN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 07 C 7063 |
| vs. | ) | |
| | ) | Judge Nordberg |
| CARPENTERS LOCAL UNION NO. 1 | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

Defendant, Carpenters Local Union No. 1, by and through its attorneys, Whitfield McGann & Ketterman, state the Answers to the Complaint filed by Plaintiff, 712 Dearborn, LLC, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, 712 Dearborn, LLC ("Plaintiff"), is an Illinois limited liability company authorized to do business in Illinois. At all times relevant hereto, Plaintiff was the legal titleholder of the real estate, and improvements therein, located at the address commonly known as 712 Dearborn, Chicago, Illinois 60611 ("the Property"). Plaintiff is engaged in an industry or activity affecting commerce.

**ANSWER: The defendant admits that Plaintiff is an Illinois Limited Liability Company authorized to do business in Illinois and located at 712 Dearborn, Chicago, Illinois 60611. The Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations.**

2. Defendant, Carpenters Local Union No. 1 (the "Local Union No. 1"), is a labor organization with its principal place of business in the State of Illinois.

**ANSWER: Admit**

3. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question) and Section 303(b) of the Labor Management Relations Act 29 U.S.C. 187(b). This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367.

**ANSWER: Admit**

4. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the action occurred in this district. Venue is also proper under 18 U.S.C.§1965(a) since all defendants transacted business in this district.

**ANSWER: Admit**

5. The conduct hereinafter described involves an industry or activity which affects commerce.

**ANSWER: Admit**

## BACKGROUND

6. Plaintiff is currently developing the Property (the "Project"). Plaintiff employs or otherwise contracts with non-union companies on the Project.

**ANSWER: Admit that plaintiff is developing the Property. Defendant lacks sufficient knowledge or information concerning the plaintiff's contracts with non-union companies on the Project.**

7.     Commencing on or about November 26, 2007, the Union began picketing at the Project. The picket signs contain untrue statements. The Union has picketed (and is picketing) at the Project whenever work is being performed on the Project, regardless of whether non-union subcontractors are present.

**ANSWER: The defendant admits that it commenced lawful picketing against Tiffany Development at the project during the times that its workers were at the site. The defendant denies the remaining allegations.**

8.     On several occasions, the Union, through its authorized agents, has entered onto the Property, without the express permission of Plaintiff and despite being advised to refrain from doing so. While on the Property, as part of a systematic campaign to disrupt construction of the Project, the Union, through its authorized agents, has proceeded to harass workmen on site.

**ANSWER: Deny**

9.     On one occasion the Union, through its authorized agents, has entered the offices of Plaintiff's designer at the Merchandise Mart to interrogate, intimidate and threaten employees there.

**ANSWER: Defendant admits that a brief meeting took place with a designer at Merchandise Mart and denies the remaining allegations.**

**VIOLATION OF SECTION 158 OF**
**THE NATIONAL LABOR MANAGEMENT RELATIONS ACT**

10.     Plaintiff repeats, realleges and incorporates Paragraphs 1 through 9 above as if fully set forth herein.

**ANSWER: Defendant repeats and incorporates each of its responses to Paragraphs 1 through 9 above in its response to Paragraph 10.**

11. Section 158(b)(4)(i, ii)(B) of the National Labor Relations Act declares it to be an unfair labor practice for a labor organization or its agents

> (4)(i) to engage in, or induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is B
>
> (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other produces, processor, or manufacturer, or to cease doing business with any other person…

**ANSWER: Admit**

12. Defendant, acting individually and in concert, has engaged conduct in violation of 29 U.S.C. 158(b)(4)(i, ii)(B).

**ANSWER: Deny**

13. The proscribed object of Defendant's activities is reflected by one or more of the following circumstances:

> (a) making known to other unions the intent to picket in advance;
>
> (b) having an understanding that the policy of unions is to honor pickets on job sites and not to cross such picket lines;
>
> (c) threatening employees of subcontractors should they work at the Project;
>
> (d) on information and belief, coercing subcontractors to cease their relationships with Plaintiff;

4

    (e) seeking to terminate the relationship between Plaintiff and its subcontractors; and

    (f) picketing without the knowledge of the truth of the picket sign message.

**ANSWER: Deny**

14. As a direct and proximate result of Defendant's unfair labor practices, Plaintiff has sustained compensatory damages, including, but not limited to, delay damages and lost profits.

**ANSWER: Deny**

WHEREFORE, Defendant Carpenters Local 1 respectfully requests that the Complaint filed by 712 Dearborn, LLC be dismissed with prejudice and it be awarded any and all just relief.

                                   Carpenters Local Union No. 1

                                   /s/ Terrance B. McGann

Terrance B. McGann (6199967)
WHITFIELD McGANN & KETTERMAN
111 E. Wacker Dr., Suite 2600
Chicago, IL  60601
(312) 251-9700 Fax (312) 251-9701
tmcgann@whitfield-mcgann.com