IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 712 DEARBORN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.  07 C 7063 |
| vs. | ) | |
| | ) | Judge Nordberg |
| CARPENTERS LOCAL UNION NO. 1 | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant CARPENTERS LOCAL UNION NO. 1, by its undersigned attorneys bring this motion pursuant to Local Rule 37.2 of the Northern District of Illinois and Rule 37 of the Federal Rules of Civil Procedure and for reasons state as follows:

1. On March 11, 2008, Defendant issued its First Request for Production of Documents to Plaintiff and also on that day Defendant propounded Interrogatories upon the Plaintiff.

2. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff's response to Defendant's Rule 34 request for production was due on April 10, 2008..

3. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff's answers to the interrogatories propounded by Defendant were due on April 10, 2008.

4. Defendant also noticed the deposition of the owner of Plaintiff, Tony Faham, for April 16, 2008 at 10:00 a.m.

5. Upon the request of the Plaintiff's attorney, John M. Riccione, via email to Defendant's counsel, Terrance B. McGaan, the Defendant's counsel agreed to extend the time for written discovery for thirty days which made the responses to written discovery due on or before May 10, 2008.  The deposition of Mr. Faham was also continued so as to allow

Defendants to obtain Plaintiff's responses to written discovery prior to Mr. Faham's deposition. (See, Exhibit A, emails dated April 2, 2008)

6. On April 21, 2008, in the spirit of Local Rule 37.2, counsel for Defendant wrote to Plaintiff's counsel and sought to obtain a new date for Mr. Faham's deposition. Plaintiff's counsel did not respond to this letter and never contacted Defendant's counsel as requested. (See, Exhibit B, letter from McGann to Riccione dated April 21, 2008)

7. On May 5, 2008, in the spirit of Local Rule 37.2 counsel for Defendant, Terrance B. McGann, telephoned Plaintiff's counsel John M. Riccione and not only discussed the Plaintiff's responses to the written discovery which had been propounded on Plaintiff, but also attempted to obtain dates for the deposition of Mr. Faham as well as a convenient date for a third party witness, Marilee Elliott.  In this conference, Plaintiff's counsel promised not only to provide responses to the written discovery by May 10, 2008 as had been previously agreed, but also promised to get back to Defendant's counsel with dates for the depositions of Mr. Faham and Ms. Elliott.

8. To date Defendant has not received any response to its First Request for Production of Documents which were propounded on Plaintiff on March 11, 2008..

9. To date Defendant has not received Answers to the Interrogatories which were propounded on March 11, 2008.

10. To date Defendant has not received the promised telephone call from Plaintiff's counsel to provide dates when Mr. Faham would be available to give his deposition. Nor has Plaintiff's counsel given dates when he would be available for Mr. Elliott's deposition.

11. Defendant's counsel has re-noticed the deposition of Mr. Faham for June 5, 2008 at 10:00 a.m. and has noticed Ms. Elliott's deposition for the same date at 2:00 p.m.

12. In the opinion of Defendant's counsel and despite good faith attempts to resolve the discovery disputes, the Defendant needs the assistance of the Court in obtaining document

production, answers to interrogatories and the deposition of Mr. Faham. (See, Exhibit C, Local Rule 37.2 Statement)

13. In addition, the Plaintiff seeks that the discovery schedule be extended to allow addition time for the completion of the discovery in this case due to delays caused by Plaintiff in the production of documents, the answers to interrogatories, and the deposition of Mr. Faham.

WHEREFORE, Defendant respectfully request this Court enter an Order providing the following:

a) Compel Plaintiff to provide the requested documents within five days;

b) Compel Plaintiff to answer the Interrogatories within five days.

c) Require Plaintiff to produce Mr. Faham for his deposition as scheduled on June 5, 2008.

d) Extend the discovery schedule for an appropriate length of time because of the delay in obtaining the documents, the answers to interrogatories and the deposition of Mr. Faham and amend the scheduling order accordingly.

e) Grant Plaintiff's leave to file their petition for costs and attorneys fees incurred in prosecuting this discovery motion and for having to bring this matter before the Court for resolution. Upon the presentation of said petition, Plaintiffs pray the Court enter an award based upon the petition to allow Plaintiffs just and reasonable compensation for having to bring the instant motion.

Respectfully submitted,

/s/ Terrance B. McGann
One of the attorneys for Plaintiffs

Terrance B. McGann (ARDC# 6199967)
Gregory N. Freerksen (ARDC#0874612)
Whitfield McGann & Ketterman
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700